COPE, Judge
(concurring).
As the substantive rights of the parties were adjudicated in the prior appeal cited above, I concur. I write separately to note that this case exemplifies a problem area in creditor-debtor relations which may well call for reform.
The instant suit involves an execution lien which attached to personalty, in this case certain contract rights of Crudele. See Accent Realty of Jacksonville v. Crudele, 496 So.2d 158, 159-62 (Fla. 3d DCA 1986), review denied, 506 So.2d 1040 (Fla.1987). Florida adheres to a doctrine dating to the time of Charles II, which holds that upon delivery of a writ of execution to the sheriff, an execution lien attaches to the personalty of the judgment debtor located in that jurisdiction. The decisions make clear that the execution lien will follow the personalty into the hands of a bona fide purchaser without actual notice of the lien. Ironically, the source of this doctrine, Great Britain, abandoned it by statute in 1856, in favor of the more practical view that the execution lien attaches when the personalty is levied upon. See Murray, Execution Lien Creditors Versus Bona Fide Purchasers, fenders and Other Execution Lien Creditors: Charles II and the Uniform Commercial Code, 85 Comm.L.J. 485, 486-88 (1980); Accent Realty, 496 So. 2d at 162.
As one commentator has stated:
Serious defects exist in Florida’s execution laws. The execution lien is a hidden lien on personal property. A good faith purchaser for value has no protection from it. Perhaps the only reason it has not caused more problems is the relatively low value of most personal property at execution sales. The Uniform Commercial Code, requiring actual seizure of property within its scope, is much better.
H. Trawick, Trawick’s Florida Practice and Procedure § 27-3, at 411-12 (1988). The reform suggested by Trawick has been accomplished in many states by legislation, but not in Florida. Crudele, 496 So.2d at 162 (Pearson, J., concurring).
Professor Murray has ably canvassed the law of the various states. Murray, supra, at 491-95. Approaches to the problem have varied widely among the states, and have included modification of the time at which the execution lien attaches, and a limitation of the duration of the lien to a relatively short period. ' Professor Murray *743 has proposed a simplified recording system coupled with durational limitations on the execution lien.
Although the prior panel, and the present one, have disposed of the instant case within the parameters of existing law, the experience of other jurisdictions suggests that our system could be improved. As has been true in other jurisdictions, any significant modification would require legislative action.